Slip Op. 00-58

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____

|  |  |  |
|---|---|---|
| | : | |
| SKF USA INC. and SKF SVERIGE AB, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Court No. 97-11-02008 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| THE TORRINGTON COMPANY, | : | |
| | : | |
| Defendant-Intervenor. | : | |

_____:

Plaintiffs, SKF USA Inc. and SKF Sverige AB (collectively "SKF"), move pursuant to USCIT R. 56.2 for judgment upon the agency record challenging various aspects of the Department of Commerce, International Trade Administration's ("Commerce") final determination, entitled *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Singapore, and the United Kingdom; Final Results of Antidumping Duty Administrative Reviews*, 62 Fed. Reg. 54,043 (Oct. 17, 1997), as amended, *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Amended Final Results of Antidumping Duty Administrative Reviews*, 62 Fed. Reg. 61,963 (Nov. 20, 1997). *France, Germany, Italy, Japan, Romania, Singapore[,] Sweden and the United Kingdom; Amended Final Results of Antidumping Duty Administrative Reviews*, 62 Fed. Reg. 61,963 (Nov. 20, 1997).

Specifically, SKF contends that Commerce erred in: (1) conducting a duty absorption inquiry under 19 U.S.C. § 1675(a)(4) (1994) for the seventh administrative review of the applicable antidumping duty order; (2) determining that it applied a reasonable duty absorption methodology and that duty absorption had in fact occurred; (3) using aggregate data of all foreign like products under consideration for normal value in calculating profit for constructed value ("CV") under 19 U.S.C. § 1677b(e)(2)(A) (1994); and (4) excluding below-cost sales from the CV profit calculation.

Commerce responds that it properly: (1) conducted a duty absorption inquiry under § 1675(a)(4); (2) used a reasonable methodology and determined that duty absorption existed; (3) calculated CV profit pursuant to § 1677b(e)(2)(A); and (4) excluded below-cost sales from the CV

profit calculation.  The Torrington Company presents arguments similar to those of the defendant.

**Held:**  SKF's USCIT R. 56.2 motion is denied in part and granted in part.  The case is remanded to Commerce to annul all findings and conclusions made pursuant to the duty absorption inquiry conducted for the subject review.

[SKF's motion is denied in part and granted in part. Case remanded.]

Dated: June 1, 2000

*Steptoe & Johnson LLP* (*Herbert C. Shelley* and *Alice A. Kipel*) for SKF USA Inc. and SKF Sverige AB.

*David W. Ogden*, Acting Assistant Attorney General; *David M. Cohen*, Director, *Velta A. Melnbrencis*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; of counsel: *Myles S. Getlan* and *David R. Mason*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for defendant.

*Stewart and Stewart* (*Terence P. Stewart*, *Wesley K. Caine*, *Geert De Prest* and *Lane S. Hurewitz*) for The Torrington Company.


**OPINION**

**TSOUCALAS, Senior Judge:**  Plaintiffs, SKF USA Inc. and SKF Sverige AB (collectively "SKF"), move pursuant to USCIT R. 56.2 for judgment upon the agency record challenging various aspects of the Department of Commerce, International Trade Administration's ("Commerce") final determination, entitled *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Singapore, and the United Kingdom; Final Results of Antidumping Duty Administrative Reviews* (*"Final Results"*), 62 Fed. Reg. 54,043 (Oct. 17, 1997), as amended, *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore[,] Sweden and the*

*United Kingdom; Amended Final Results of Antidumping Duty Administrative Reviews*

("*Amended Final Results*"), 62 Fed. Reg. 61,963 (Nov. 20, 1997).

Specifically, SKF contends that Commerce erred in: (1) conducting a duty absorption inquiry under 19 U.S.C. § 1675(a)(4) (1994) for the seventh administrative review of the applicable antidumping duty order; (2) finding that it applied a reasonable duty absorption methodology and that duty absorption had in fact occurred; (3) using aggregate data of all foreign like products under consideration for normal value ("NV") in calculating profit for constructed value ("CV") under 19 U.S.C. § 1677b(e)(2)(A) (1994); and (4) excluding below-cost sales from the CV profit calculation.

Commerce responds that it properly: (1) conducted a duty absorption inquiry under § 1675(a)(4); (2) used a reasonable duty absorption methodology and determined that duty absorption existed; (3) calculated CV profit pursuant to § 1677b(e)(2)(A); and (4) excluded below-cost sales from the CV profit calculation. The Torrington Company ("Torrington") presents arguments similar to those of the defendant.

The Court will address each of these arguments in turn.

## BACKGROUND

On May 15, 1989, Commerce published antidumping duty orders on antifriction bearings (other than tapered roller bearings) and parts thereof ("AFBs") imported from several countries, including Sweden. *See Antidumping Duty Orders: Ball Bearings, Cylindrical Roller Bearings, and*

*Parts Thereof From Sweden*, 54 Fed. Reg. 20,907. This case concerns the seventh administrative review of the antidumping duty order on AFBs from Sweden for the period of review ("POR") covering May 1, 1995 through April 30, 1996. In accordance with 19 C.F.R. § 353.22(c) (1995), Commerce initiated the seventh review on June 20, 1996.[1] *See Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, Thailand, and the United Kingdom; Initiation of Antidumping Duty Administrative Reviews and Notice of Request for Revocation of an Order*, 61 Fed. Reg. 31,506 (June 20, 1996). On June 10, 1997, Commerce published the preliminary results of the seventh review. *See Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden and the United Kingdom; Preliminary Results of Antidumping Duty Administrative Reviews and Partial Termination of Administrative Reviews* ("*Preliminary Results*"), 62 Fed. Reg. 31,566. Commerce published the *Final Results* on October 17, 1997, *see* 62 Fed. Reg. at 54,043, and the *Amended Final Results* on November 20, 1997, *see* 62 Fed. Reg. at 61,963.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 19 U.S.C. § 1516a(a) (1994) and 28 U.S.C. § 1581(c) (1994).

---

[1] Since the administrative review at issue was initiated after December 31, 1994, the applicable law in this case is the antidumping statute as amended by the Uruguay Round Agreements Act ("URAA"), Pub. L. No. 103-465, 108 Stat. 4809 (1994) (effective Jan. 1, 1995).

**STANDARD OF REVIEW**

In reviewing a challenge to Commerce's final determination in an antidumping administrative review, the Court will uphold Commerce's determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i) (1994).

**DISCUSSION**

**I.     Commerce's Duty Absorption Inquiry**

**A.     Background**

On May 31, 1996 and July 9, 1996, Torrington requested that Commerce conduct a duty absorption inquiry pursuant to 19 U.S.C. § 1675(a)(4) with respect to various respondents, including SKF, to determine whether antidumping duties had been absorbed during the POR. *See Final Results*, 62 Fed. Reg. at 54,075.

In the *Final Results*, Commerce found that duty absorption had occurred for the POR. *See id.* at 54,044. In asserting authority to conduct a duty absorption inquiry under § 1675(a)(4), Commerce first explained that for "transition orders" as defined in 19 U.S.C. § 1675(c)(6)(C) (1994) (that is, antidumping duty orders, *inter alia*, deemed issued on January 1, 1995), antidumping regulation 19 C.F.R. § 351.213(j)(2) (1997) provides that Commerce "will make a duty absorption determination, if requested, for any administrative review initiated in 1996 or 1998." *Id.* at 54,074 (citing *19 CFR Part 351 et al., Antidumping Duties; Countervailing Duties; Final [R]ule*, 62 Fed. Reg. 27,296,

27,394 (May 19, 1997)). Commerce also noted that although the regulation is not binding upon

Commerce for this AFB review, it does constitute a public statement of how Commerce expects to

proceed in construing § 1675(a)(4).[2] *See id.* Commerce concluded that (1) because the antidumping

duty order on the AFBs in this case has been in effect since 1989, the order is a transition order

pursuant to § 1675(c)(6)(C), and (2) since this review was initiated in 1996 and a request was made, it

had the authority to make a duty absorption inquiry for this POR. *See id.* at 54,075.


### B.      Contentions of the Parties

SKF argues that: (1) Commerce lacked authority under 19 U.S.C. § 1675(a)(4) to conduct a

duty absorption inquiry for the seventh administrative review of the 1989 antidumping duty order; and

(2) even if Commerce possessed the authority to conduct such an inquiry, Commerce's methodology

for determining duty absorption was contrary to law and, accordingly, the case should be remanded to

Commerce to reconsider its methodology. *See* SKF's Br. Supp. Mot. J. Agency R. at 3, 9-38; SKF's

Reply Br. at 2-24.

---

[2] Although 19 C.F.R. § 351.213(j) (1997) is indicative of Commerce's interpretation of the URAA, the regulation does not apply here because the administrative review in this case was initiated on June 20, 1996 pursuant to a request dated May 31, 1996. Commerce's regulations that were issued pursuant to the URAA apply only to "administrative reviews initiated on the basis of requests made on or after the first day of July, 1997." *19 CFR Part 351 et al., Antidumping Duties; Countervailing Duties; Final [R]ule*, 62 Fed. Reg. 27,296, 27,416-17 (May 19, 1997).

Commerce argues it properly construed subsections (a)(4) and (c) of § 1675 as authorizing it to make duty absorption inquiries for antidumping duty orders that were issued and published prior to January 1, 1995. *See* Def.'s Mem. in Opp'n to Pls.' Mot. J. Agency R. at 2, 5-14. Commerce also asserts that it devised and applied a reasonable methodology for determining duty absorption. *See id.* at 2, 14-22. Torrington generally agrees with Commerce's contentions. *See* Torrington's Resp. to Pls.' Mot. J. Agency R. at 2-3, 6-27.

### C.      Analysis

In *SKF USA Inc. v. United States*, 24 CIT __, Slip Op. 00-28 (Mar. 22, 2000), this Court determined that Commerce lacked statutory authority under 19 U.S.C. § 1675(a)(4) to conduct a duty absorption inquiry for antidumping duty orders issued prior to the January 1, 1995 effective date of the Uruguay Round Agreements Act ("URAA"), Pub. L. No. 103-465, 108 Stat. 4809 (1994). *See id.* at __, Slip Op. 00-28, at 21. The Court noted that Congress expressly prescribed in the URAA that § 1675(a)(4) "must be applied prospectively on or after January 1, 1995 for 19 U.S.C. § 1675 reviews." *Id.* (citing § 291 of the URAA).

Because the duty absorption inquiry, the methodology and the parties' arguments at issue in this case are practically identical to those presented in *SKF USA*, the Court adheres to its reasoning in *SKF USA*. The Court, therefore, finds that Commerce did not have the statutory authority under § 1675(a)(4) to undertake a duty absorption inquiry for the applicable pre-URAA antidumping duty order in dispute here.

## II.      Commerce's CV Profit Calculation

### A.      Background

For this POR, Commerce "used CV as the basis for NV when there were no usable sales of the foreign like product in the comparison market." *Preliminary Results*, 62 Fed. Reg. at 31,571. Commerce calculated the profit component of CV using the statutorily preferred methodology of 19 U.S.C. § 1677b(e)(2)(A).[3] *See Final Results*, 62 Fed. Reg. at 54,062.  In applying the preferred methodology for calculating CV profit under § 1677b(e)(2)(A), Commerce determined that "the use of aggregate data that encompasses all foreign like products under consideration for NV results in a practical measure of profit that [it] can apply consistently in each case." *Id.*  Also, in calculating CV profit under § 1677b(e)(2)(A), Commerce excluded below-cost sales from the calculation which it disregarded in the determination of NV pursuant to 19 U.S.C. § 1677b(b)(1) (1994).  *See id.* at 54,063.  Commerce excluded such below-cost sales because: (1) § 1677b(e)(2)(A) requires Commerce to use the actual amount for profit in connection with the production and sale of a foreign like product in the ordinary course of trade; and (2) 19 U.S.C. § 1677(15) (1994) provides that below-cost sales disregarded under § 1677b(b)(1) are considered to be outside the ordinary course of trade.  *See id.*

---

[3]  Specifically, in calculating constructed value, the statutorily preferred method is to calculate an amount for profit based on "the actual amounts incurred and realized by the specific exporter or producer being examined in the investigation or review . . . in connection with the production and sale of a foreign like product [made] in the ordinary course of trade."  19 U.S.C. § 1677b(e)(2)(A) (1994).

### B.        Contentions of the Parties

SKF contends that Commerce's use of aggregate data encompassing all foreign like products under consideration for NV for calculating CV profit is contrary to § 1677b(e)(2)(A) and to the explicit hierarchy established by § 1677(16) for selecting "foreign like product" for the CV profit calculation. *See* SKF's Br. Supp. Mot. J. Agency R. at 4, 37-59; SKF's Reply Br. at 24-44.  In addition, SKF argues, *inter alia*, that Commerce's CV profit calculation under § 1677b(e)(2)(A) is unlawful in that it excluded below-cost sales from the calculation.  *See id.*

Commerce responds that it applied a reasonable interpretation of § 1677b(e)(2)(A) and properly based CV profit for SKF on aggregate profit data of all foreign like products under consideration for NV.  *See* Def.'s Mem. in Opp'n to Pls.' Mot. J. Agency R. at 2-3, 25-42.  Also, Commerce asserts that it properly excluded below-cost sales.  *See id.* at 39.  Torrington generally agrees with Commerce.  *See* Torrington's Resp. to Pls.' Mot. J. Agency R. at 3-4, 28-31.

### C.        Analysis

In *RHP Bearings Ltd. v. United States*, 23 CIT __, 83 F. Supp. 2d 1322 (1999), this Court upheld Commerce's CV profit methodology of using aggregate data of all foreign like products under consideration for NV as being consistent with the antidumping statute.  *See id.* at ___, 83 F. Supp. 2d at 1336.  Since SKF's arguments and the methodology at issue in this case are practically identical to those presented in *RHP Bearings*, the Court adheres to its reasoning in *RHP Bearings* and, therefore,

finds that Commerce's CV profit methodology and exclusion of below-cost sales to be supported by substantial evidence and in accordance with law.

## III. Other Issues

The Court has considered SKF's other arguments to the *Final Results*, but finds them unpersuasive.

## CONCLUSION

For the foregoing reasons, the case is remanded to Commerce to annul all findings and conclusions made pursuant to the duty absorption inquiry conducted for the subject review. Commerce's final determination is affirmed in all other respects.

---
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated: June 1, 2000
New York, New York